IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

RUTH JONES,

Plaintiff,

v. No. 1:26-cv-01167-JDB-jay

LORI MOORE,

Defendant.

REPORT AND RECOMMENDATION

On July 28, 2026, Plaintiff Ruth Jones, proceeding *pro se*, filed a lawsuit against Lori Moore. (Docket Entry ["D.E."] 1). The Court is required to conduct a screening of this action because Jones sought and received *in forma pauperis* status. *See* 28 U.S.C. § 1915(e)(2)(B). (D.E. 5, 6). This case has been referred to the undersigned United States Magistrate Judge for management of all pretrial matters and for determination and/or report and recommendation as appropriate. Admin. Order 2013-05.

I.

In her Complaint, Jones alleges that her sister, Lula Mae Williams, was a patient at Laurelwood Health Care Center nursing home in Jackson, Tennessee. (D.E. 1 at 4-7). Jones alleges that her sister did not receive adequate care while at the nursing home and suffered neglect. (*Id.*) Her sister died in August 2025. (*Id.*) Jones seeks $100,000.00 in damages. (*Id.*)

II.

A. 28 U.S.C. § 1915 Screening

Under Local Rule 4.1(b)(2), the Clerk of the Court will only issue summonses in cases with non-prisoner *pro se* plaintiffs who are proceeding *in forma pauperis* at the Court's direction after the Court conducts a screening under 28 U.S.C. § 1915(e)(2)(B). Under that provision, the Court shall dismiss the case at any time if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* This Report and Recommendation constitutes the Court's screening.

B. Subject Matter Jurisdiction

As part of the § 1915(e) screening process, the Court must determine whether Jones has pled a basis for federal subject matter jurisdiction. *See, e.g., Maney v. Kreulen*, No. 24-cv-01132, 2024 WL 4871731, at *2 (M.D. Tenn. Nov. 24, 2024) (dismissing the case during the § 1915(e) screening process for lack of subject matter jurisdiction); *McRee v. Renasant Bank Legal Dep't*, No. 16-cv-2879, 2017 WL 31470, at *1 (W.D. Tenn. Jan. 3, 2017) (same). "A complaint is subject to dismissal under Rule 12(b)(1) if the facts, accepted as true and viewed in the light most favorable to the plaintiff, show that the court lacks subject-matter jurisdiction." *Nesselrode v. Sec'y of U.S. Dep't of Educ.*, No. 17-4206, 2018 WL 6975166, at *2 (6th Cir. June 18, 2018). "*Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers and are thus liberally construed." *Woodson v. Woodson*, No. 22-mc-00003, 2022 WL 16985602, at *2 (W.D. Tenn. Feb. 18, 2022), *report and recommendation adopted*, 2022 WL 16963997 (W.D. Tenn. Nov. 16, 2022) (citing *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)). "Even so, *pro* se litigants must

adhere to the Federal Rules of Civil Procedure, . . . and the court cannot create a claim that has not been spelled out in a pleading." *Id.* (citations omitted).

C. Analysis

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "[U]nlike state trial courts, they do not have general jurisdiction to review all questions of law." *Bandy v. Chambers-Smith*, No. 23-cv-1886, 2023 WL 6809936, at *2 (N.D. Ohio Oct. 16, 2023). "There are two basic types of subject-matter jurisdiction: federal-question jurisdiction and diversity of citizenship jurisdiction." *Maney v. Kreulen*, No. 24-cv-01132, 2024 WL 4871731, at *2 (M.D. Tenn. Nov. 22, 2024) (citing 28 U.S.C. §§ 1331 & 1332). With respect to federal question jurisdiction, federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity of citizenship jurisdiction exists when there is "complete diversity of the parties and an amount in controversy exceeding $75,000." *Naji v. Lincoln*, 665 F. App'x 397, 400 (6th Cir. 2016). This means that each plaintiff must be a citizen of a different state than each defendant and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996); 28 U.S.C. § 1332.

The undersigned takes no opinion on whether Jones may have stated an otherwise valid claim for relief in her Complaint. Instead, accepting the facts as alleged as true, it is clear on the face of the Complaint that there is no federal question implicated by her claim, and that there is not complete diversity of citizenship of the parties.

In her Complaint, Jones does not indicate what the basis is for her invoking this Court's jurisdiction. (D.E. 1 at 3). While Jones does not allege any specific cause of action, there is nothing in the Complaint that could be construed as a federal cause of action. Any action related to nursing

home neglect or medical malpractice, under the limited facts asserted in her Complaint, sound in negligence or some form of state statutory violation. As such, no federal question jurisdiction exists in this matter.

Furthermore, there is no diversity jurisdiction in this case. Jones alleges that she is a citizen of Jackson, Tennessee and that the sole defendant named in this action, Lori Moore, is also a resident of Jackson, Tennessee. (D.E. 1 at 1-2). As such, the facts of the Complaint accepted as true establish that diversity does not exist.

III.

For these reasons, Plaintiff Ruth Jones's Complaint should be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e) for lack of subject matter jurisdiction.

Respectfully submitted, this the 30th day of July, 2026.

**s/Jon A. York**
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDATION DISPOSITION, A PARTY MAY SERVE AND FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**